An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CITY OF LAS VEGAS, A MUNICIPAL CORPORATION,
Appellant,
vs.
BLUEWATERS FAMILY LIMITED PARTNERSHIP, A TEXAS LIMITED PARTNERSHIP,
Respondent.

No. 55878

FILED

JAN 3 1 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court's summary judgment in an eminent domain action. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant City of Las Vegas brought a complaint in eminent domain to condemn a portion of two parcels of land, owned by respondent Bluewaters Family Limited Partnership, in order to complete its Cliff Shadows Parkway Improvements project. The City offered Bluewaters a sum which it believed was just compensation for the condemnation of the land. The condemned property included a strip of land over which the City believed it held a right-of-way easement. The City contends that the easement was created in 1956 when the Bureau of Land Management granted the land to private individuals in a federal land patent under the Small Tract Act. Because the City believed that it held a valid right-of-way easement, it only offered a nominal amount to compensate Bluewaters for that portion of its land. Bluewaters rejected the City's offer. Later in the condemnation proceedings, the City amended its complaint to assert that it only sought to use, rather than take in fee simple, the easement created by the language of the federal land patent.

13-03274

Bluewaters then moved for partial summary judgment, requesting that the district court award it the full appraised value for the land that the City contended to be subject to the right-of-way easement. Bluewaters accepted the valuation of the land, completed by the City's appraiser, and moved for summary judgment based on that valuation.[1] In a supplemental reply, Bluewaters relied on an order from the district court in a case concerning a different parcel of land also involved in the City's road improvement project. In the other case, which is also before us on appeal, the district court ordered the City to pay just compensation in an amount that disregarded the existence of an easement on a portion of the land. See City of Las Vegas v. Cliff Shadows, 129 Nev. ___, ___ P.3d ___ (Adv. Op. No. 2 , January 31, 2013). Thus, Bluewaters argued that the district court should award it summary judgment under the doctrine of issue preclusion on the issues previously litigated in that case.

The district court agreed and found that issue preclusion warranted summary judgment in favor of Bluewaters on the bases that the City was required to pay just compensation for the encumbered land and on the valuation of the just compensation. The City appealed the district court's judgment. Having reversed the district court's summary judgment in Cliff Shadows, we similarly reverse the district court's summary judgment here.

---

[1]Although our dissenting colleagues correctly convey the present status of our law regarding just compensation, because no taking has occurred and because valuation was not an issue in this appeal, we do not believe that it is proper to remand this case for revaluation.

<u>Issue preclusion</u>

The City asserts that if the district court's summary judgment in <u>Cliff Shadows</u> was erroneous and is reversed, we must also reverse the judgment in this case. We agree.

In issue preclusion cases, a decision is final and maintains its preclusive effect even if the judgment is on appeal. <u>Edwards v. Ghandour</u>, 123 Nev. 105, 117, 159 P.3d 1086, 1094 (2007), <u>rejected on other grounds by</u> <u>Five Star Capital</u>, 124 Nev. at 1053-54, 194 P.3d at 712-13. Nevertheless, in circumstances where the first judgment is reversed or vacated and a second judgment was rendered based on issue preclusion, the second judgment should also be reversed. <u>See</u> <u>Butler v. Eaton</u>, 141 U.S. 240, 244 (1891); <u>In re Hedged-Investments Associates, Inc.</u>, 48 F.3d 470, 473 (10th Cir. 1995); <u>Erebia v. Chrysler Plastic Products Corp.</u>, 891 F.2d 1212, 1215 (6th Cir. 1989).

Because the judgment in <u>Cliff Shadows</u> has been reversed and no longer has preclusive effect, the district court's summary judgment in this case cannot stand. <u>See</u> <u>Butler</u>, 141 U.S. at 244. As such, we do not reach the merits of this case. For the foregoing reasons, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for further proceedings.

_____, C.J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Elissa F. Cadish, District Judge
Ara H. Shirinian, Settlement Judge
Las Vegas City Attorney
Lewis & Roca, LLP/Las Vegas
Sylvester & Polednak, Ltd.
Armstrong Teasdale, LLP/Las Vegas
Clark County District Attorney/Civil Division
Eighth District Court Clerk

GIBBONS, J., with whom, CHERRY, J., agrees, concurring in part and dissenting in part:

I concur that there is no issue preclusion based upon our holding in <u>City of Las Vegas v. Cliff Shadows</u>, 129 Nev. \_\_\_, \_\_\_ P.3d \_\_\_ (Adv. Op. No. 2, January 31, 2013). Since the majority reverses the summary judgment in favor of Bluewaters, I conclude that genuine issues of material fact remain as to the valuation of the whole Bluewaters property which includes the 33 foot-wide right-of-way. The whole property should be valued pursuant to <u>City of North Las Vegas v. Robinson</u>, 122 Nev. 527, 134 P.3d 705 (2006) and <u>McCarran Intl. Airport v. Sisolak</u>, 122 Nev. 645, 137 P.3d 1110 (2006).

_____, J.
Gibbons

I concur:

_____, J.
Cherry